# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-1034V
UNPUBLISHED

|  |  |
|---|---|
| B.B. on behalf of B.S., a minor child,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Originally Filed: March 25, 2022<br>Refiled in Redacted Form: June 28, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Rotavirus Vaccine; Intussusception |

*Danielle Strait, Maglio Christopher & Toale, PA, Seattle, WA, for Petitioner.*

*Madelyn Weeks, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On March 5, 2021, B.B., on behalf of B.S., a minor child, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that B.S. suffered intussusception as a result of receiving a rotavirus vaccination on August 10, 2018. Petition at 1-2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 18, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for intussusception. On March 16, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating that B.S. should be awarded $54,060.00 comprised of $50,000.00 for pain and suffering payable to Petitioner as guardian/conservator of B.S.'s estate and $4,060.00 for past unreimbursable expenses payable to Petitioner. Proffer at 1-2. In the Proffer, Respondent represented that

[1] When this decision was originally filed, I advised my intent to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), Petitioner filed a timely motion to redact certain information. This decision is being reissued with the requested redactions. Except for those changes and this footnote, no other substantive changes have been made. This decision will be posted on the court's website with no further opportunity to move for redaction.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner two lump sum payments as described below:**

  **(1) A lump sum payment of $50,000.00 in the form of a check payable to petitioner as guardian/conservator of B.S.'s estate[3]; and**
  **(2) A lump sum payment of $4,060.00 in the form of a check payable to Petitioner.**

This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to the Proffer, no payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as the guardian/conservator of B.S.'s estate. Proffer at 2.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

B███████ B██████ on behalf of B.S., )
a minor child, )
)
   Petitioner, )  No. 21-1034V
)
   v. )  Chief Special Master Brian H. Corcoran
)
SECRETARY OF HEALTH )
AND HUMAN SERVICES, )
)
   Respondent. )

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

### I. Procedural History

On March 5, 2021, B██████ B██████ ("petitioner") filed a petition for compensation on behalf of her minor child, B.S., under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that B.S. suffered intussusception as a result of receiving a rotavirus vaccination on August 10, 2018. *See* Petition at 1-2. On January 18, 2022, respondent conceded that entitlement to compensation was appropriate under the terms of the Vaccine Act. ECF No. 23. On January 20, 2022, the Court entered its Ruling on Entitlement, finding petitioner entitled to compensation. ECF No. 24.

### II. Compensation for Vaccine Injury-Related Items

Based upon the evidence of record, respondent proffers that petitioner should be awarded the following:

### A. Pain and Suffering

Respondent proffers that petitioner should be awarded $50,000.00 for B.S.'s pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B. Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to B.S.'s vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $4,060.00. *See* 42 U.S.C. § 300aa-15(a)(1)(B).

## III. Form of the Award

Respondent recommends that the compensation provided to petitioner be made through two lump sum payments, as described below:

(1) A lump sum payment of **$50,000.00** in the form of a check payable to petitioner as guardian/conservator of B.S.'s estate.[1] No payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as the guardian/conservator of B.S.'s estate; and

(2) A lump sum payment of **$4,060.00** in the form of a check payable to petitioner.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

2

s/ MADELYN E. WEEKS
MADELYN E. WEEKS
Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46
Benjamin Franklin Station
Washington, D.C. 20044-0146
Phone: (202) 451-7312
madelyn.e.weeks@usdoj.gov

Dated: March 16, 2022